IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| CHARLES McQUEEN, | No. 56055-1-II |
| Appellant, | |
| v. | |
| SUBURBAN PROPANE, L.P., a foreign corporation d/b/a SUBURBAN PROPANE, and JOHN DOES 1-5, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, J. — Charles McQueen appeals the superior court's order granting summary judgment in favor of Suburban Propane, LP in his negligence suit. McQueen argues that the superior court erred in excluding his expert testimony on causation. Because the opinion on causation in this case was outside the expert's area of expertise, summary judgment was proper. We affirm.

FACTS

On November 26, 2019, McQueen filed a complaint for damages against Suburban Propane alleging the company's negligence caused him injury and damages. Specifically, the complaint alleged that a Suburban Propane technician improperly ignited McQueen's water heater during routine maintenance, causing an explosion. McQueen alleged that as a result of the incident he suffered severe headaches, vision disturbances, and Post-Traumatic Stress Disorder (PTSD).

On June 4, 2021, Suburban Propane filed a motion for summary judgment. Suburban Propane argued that summary judgment was appropriate because McQueen had failed to disclose

any expert witness establishing a causal connection between the alleged explosion and McQueen's alleged injuries.

In McQueen's response to Suburban Propane's motion for summary judgment, for the first time, McQueen asserted that he had obtained expert medical testimony establishing a causal link between his injuries and the alleged explosion. McQueen relied on the declaration of Jon M. Corey, PhD. Corey declared, "I am a physician, over the age of 18, and competent to testify in this matter." Clerk's Papers (CP) at 15. And Corey declared, based on a review of McQueen's medical files that

> [o]n a more probable than not basis it is my professional medical opinion, based on my education, training, medical literature and experience, that Charles McQueen does suffer from PTSD related symptoms as a result of his experiences exclusively related to the propane blast that occurred on or about December 13, 2016.

CP at 15. McQueen included a report prepared by Corey but did not include a curriculum vitae (CV) documenting Corey's qualifications.

In reply, Suburban Propane submitted a copy of Corey's CV obtained from a publicly accessible website. Corey's CV shows that Corey had a PhD in psychology and education, specifically organizational management and administration. Corey's professional experience includes several teaching positions and various executive positions involving management and organizational development. Corey's CV identified clinical experience in psychology from 1979 to 1985, working "on several clinical, legal, medical, and research programs on a global basis, focusing on clinical, as well as drug and alcohol programs and Employee Assistance Programs." CP at 133. Specifically, Corey served as the chief psychologist at Frankfurt Army Hospital in Germany from September 1979 to June 1982. Suburban Propane also submitted the results of a medical license search which revealed only an expired counselor registration for Corey.

Suburban Propane argued that Corey was not a medical expert. Suburban Propane also argued that Corey did "not have the requisite training or experience to offer medical opinions on brain injuries or psychological conditions, such as PTSD." CP at 118.

The superior court granted Suburban Propane's motion for summary judgment and dismissed McQueen's complaint with prejudice. McQueen filed a motion for reconsideration, supported by clarifying declarations from Corey. Specifically, Corey clarified that he was a psychologist, not a physician. The superior court denied the motion for reconsideration.

McQueen appeals.

ANALYSIS

McQueen argues that the superior court erred by denying his motion for summary judgment because he presented evidence of causation through Corey's declaration.[1] Suburban Propane argues that Corey was not qualified as an expert .

We review orders on summary judgment de novo. *Frausto v. Yakima HMA, LLC*, 188 Wn.2d 227, 231, 393 P.3d 776 (2017). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). Although we generally review evidentiary rulings for an abuse of discretion, "'[t]he de novo standard of review is used by an appellate court when reviewing all trial court rulings made in

---

[1] McQueen designated both the order on summary judgment and the order on reconsideration in his notice of appeal. However, McQueen's briefing only addresses the superior court's ruling as an erroneous evidentiary decision—Corey's qualification to present expert testimony establishing causation. Therefore, we review de novo whether the trial court properly considered Corey's declaration, as required by the standard of review governing summary judgment motions. We do not consider the motion for reconsideration because McQueen neither assigned error to the decision on the motion for reconsideration nor argued the motion for reconsideration on appeal. RAP 10.3(a)(4), (a)(6).

conjunction with a summary judgment motion.'" *Frausto*, 188 Wn.2d at 231 (quoting *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998)).

Expert testimony is governed by ER 702, which provides:

If scientific, technical, or specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

"'Practical experience is sufficient to qualify a witness as an expert.'" *State v. Weaville*, 162 Wn. App. 801, 824, 256 P.3d 426 (quoting *State v. Ortiz*, 119 Wn.2d 294, 310, 831 P.2d 1060 (1992), *overruled on other grounds*, *State v. Condon*, 182 Wn.2d 307, 343 P.3d 357 (2015)), *review denied*, 173 Wn.2d 1004 (2011). "However, 'the expert testimony of an otherwise qualified witness is not admissible if the issue at hand lies outside the witness' area of expertise.'" *Id.* (quoting *State v. Farr-Lenzini*, 93 Wn. App. 453, 461, 970 P.2d 313 (1999)).

Here, Corey may be qualified as an expert based on education and professional experience. However, offering opinions related to the cause of McQueen's PTSD is outside of Corey's area of expertise. The overwhelming majority of Corey's education and experience is in the field of organizational psychology and management, not in clinical psychology or any field that focuses on diagnosing, treating, or researching PTSD. Corey's only relevant experience was almost 3 years of clinical work in the army about 40 years ago. Nothing in the record before this court demonstrates that Corey has the expertise to offer opinions on the cause of PTSD. Further, because Corey has no education or training in medicine, Corey was not qualified to offer an opinion on

causation as it relates to McQueen's physical injuries such as the headaches and vision disturbances.[2]

Because offering opinions related to causation of McQueen's injuries is outside Corey's area of expertise, McQueen has failed to show any admissible evidence establishing causation for his claim. Therefore, there was no genuine issue of material fact, and the superior court properly granted Suburban Propane's motion for summary judgment.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Cruser, A.C.J.

Veljacic, J.

---

[2] We note that Corey has not actually offered any opinion on causation for McQueen's alleged physical injuries. Because McQueen has offered no evidence to establish causation for his alleged physical injuries, summary judgment would have been proper on those alleged injuries even if Corey was qualified to offer an opinion on the cause of McQueen's PTSD.